IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ORLANDO LEWAYNE PILCHER,

                                                                                   ORDER

            Petitioner,

                                                                                        09-cv-627-slc[1]

    v.

CAROL HOLINKA,[2]

           Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Orlando Lewayne Pilcher has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and has made an initial partial payment of the filing fee in accordance with 28 U.S.C. § 1915. (Although this court has dismissed three of petitioner's past cases for his failure to state a claim upon which relief may be granted, the limitation on

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

[2] Petitioner included several different names in the caption, but I have substituted the warden of petitioner's prison, who is the only proper respondent in this case. al-Marri v. Rumsfeld, 360 F.3d 707, 712 (7th Cir. 2004). See also Best v. City of Portland, 554 F.3d 698 (7th Cir. 2009) (substituting proper defendant in official capacity case).

1

proceeding in forma pauperis under 28 U.S.C. § 1915(g) does not apply to petitions for writs of habeas corpus. Walker v. O'Brien, 216 F.3d 626, 636 (7th Cir. 2000).) Petitioner is challenging an unidentified conviction on several grounds, including ineffective assistance of counsel, improper withholding of evidence, false arrest and various violations of due process.

Before I may consider the merits of the petition, petitioner must show that he is in compliance with 28 U.S.C. § 2255(e). A federal prisoner seeking to attack his conviction or sentence must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255, except in limited circumstances. Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003). Relief under § 2241 is available only when a motion under § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention," 28 U.S.C. § 2255(e), which means that "a structural problem in § 2255 forecloses even one round of effective collateral review" and "the claim being foreclosed is one of actual innocence." Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002). Further, a prisoner may not show that a motion under § 2255 is "ineffective" simply because that remedy is no longer available, either because the deadline for filing such a motion has passed or the prisoner has filed a previous motion under § 2255 and cannot satisfy the requirements for filing a second motion under § 2255(h). Unthank v. Jett, 549 F.3d 534, 535-36 (7th Cir. 2008) (rejecting argument that "whenever § 2255(h) closes the door to a renewed challenge under § 2255, then § 2255(e) must open the door to a challenge

2

under § 2241"); Morales v. Bezy, 499 F.3d 668, 672 (7th Cir. 2007) ("A prisoner cannot be permitted to lever his way into section 2241 by making his section 2255 remedy inadequate.")

I will give petitioner an opportunity to explain why a motion under § 2255 was inadequate to challenge his conviction. Petitioner must identify the conviction he is challenging, when his sentence was imposed, whether he appealed the conviction and sentence and whether he filed any post conviction motions for relief. If he fails to do so, his petition will be dismissed.

ORDER

IT IS ORDERED that petitioner Orlando Lewayne Pilcher may have until November 25, 2009, to file a supplement to his petition showing that a motion under 28 U.S.C. § 2255 would be "inadequate or ineffective to test the legality of [petitioner's] detention." If petitioner fails to respond by November 25, I will deny the petition for his failure to show

that he is in custody in violation of federal law.

Entered this 12th day of November, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge