IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ORLANDO LEWAYNE PILCHER,

                                                                         ORDER

              Petitioner,

                                                                           09-cv-627-slc[1]

     v.

CAROL HOLINKA,

              Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Petitioner Orlando Lewayne Pilcher has responded to this court's order directing him to supplement his petition for a writ of habeas corpus under 28 U.S.C. § 2241 in order to identify the conviction he is challenging, when his sentence was imposed, whether he appealed the conviction and sentence and whether he filed any postconviction motions for relief. In addition, I directed him to explain why 28 U.S.C. § 2255 was "inadequate or ineffective to test the legality of [his] detention," as he is required to do under § 2255(e).

       In his response, petitioner says that he was sentenced on March 1, 2006 for distributing crack cocaine under 21 U.S.C. § 841. He is less clear regarding post conviction

---

[1] For the purpose of issuing this order only, I am assuming jurisdiction over the case.

1

motions or appeals he filed. Initially, he says, "I appealed my conviction and sentence and Greenville MS federal court judge Allen Pepper Jr. informed me that I had my last day inside his courtroom." Later he says, "I didn't know anything about a postconviction motion or any other motion." He continues on, complaining that his lawyer failed to provide him with legal assistance, that the judge was aware that he needed legal assistance and refused to provide it and that the Mississippi Bar Association "conceal[ed]" the judge's "unlawful action." A review of the federal judiciary's electronic docketing system (PACER) shows that petitioner did not file an appeal of his criminal conviction (United States v. Pilcher, No. 05-cr-00034-WAP-EMB-1 (N.D. Miss. 2005)), and did not file a post conviction motion under 28 U.S.C. § 2255.

Under these circumstances, petitioner may not proceed under § 2241. As I explained to petitioner in the previous order, § 2255 is inadequate when "a *structural problem* in § 2255 forecloses even one round of effective collateral review" and "the claim being foreclosed is one of actual innocence." Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002) (emphasis added). Petitioner has not identified any structural problems with the statute; rather, the deficiency he identifies is one of alleged ineffective assistance of counsel. The poor performance of petitioner's lawyer might excuse a failure to raise issues on direct appeal, Massaro v. United States, 538 U.S. 500 (2002), but it would not prevent petitioner from filing his own motion under § 2255. That statute gave petitioner at least one year from the

2

date of his conviction to file a motion, perhaps longer if he could show that it was appropriate to apply one of the tolling exceptions built into the statute. 28 U.S.C. § 2255(f). He has not identified any reason he could not comply with that deadline. Even if he *were* entitled to tolling under § 2255(f), that would mean only that he could file a § 2255 motion in the district where he was convicted, 28 U.S.C. § 2255(a), not that he could proceed in this court with a petition for a writ of habeas corpus under 28 U.S.C. § 2241.

## ORDER

IT IS ORDERED that the petition for a writ of habeas corpus filed by petitioner Orlando Lewayne Pilcher is DENIED for petitioner's failure to comply with 28 U.S.C. § 2255(e).

Entered this 20th day of November, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge